## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONNIE RAY DAVIS, | : | |
| | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | Civil Action No.: 06-2138 (GK) |
| | : | |
| STEVEN A. SMITH, | : | |
| | : | |
| RESPONDENT. | : | |

### RESPONDENT STEVEN A. SMITH'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Respondent Steven A. Smith, by and through counsel, files this response to the December 22nd, 2006 Order to Show Cause, and states as follows:

### PRELIMINARY STATEMENT

On December 14, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus against Respondent Steven A. Smith, who was the Warden of the District of Columbia Jail (hereinafter "DC Jail").  Petitioner was incarcerated at DC Jail and contested the calculation of his sentence.  On December 22, 2006, this Court ordered respondent to respond to the petition within 20 days of service of the Order.  The Office of the Attorney General for the District of Columbia was served on February 7, 2007.

On October 27, 2006, Petitioner pled guilty to one count of simple assault and one count of violating the Bail Reform Act.  *See* Face Sheets, attached.  Petitioner was sentenced to 120 days for the simple assault conviction and 90 days for the Bail Reform conviction.  *Id.*  Petitioner's sentence in the Bail Reform conviction was to run consecutively to his conviction for simple assault.  *Id.*  Petitioner was credited with 10 days for time served with respect to his sentence for simple assault.  *Id.*  Thus, the total time to be served on the simple assault

conviction was 110 days.  *Id.*  Petitioner was credited with 80 days for time served with respect to his sentence for Bail Reform.  *Id.*  Thus, the total time to be served on the Bail Reform conviction was 10 days.  *Id.*  Overall, plaintiff was sentenced to serve 120 days.

Petitioner began serving his sentence on October 27, 2006.  *See* Face Sheets, attached. Petitioner was due to be released on February 23, 2007, and upon information and belief, petitioner was released on this date.  Plaintiff therefore served slightly less than the 120 days that comprised his sentence.

Petitioner failed to exhaust his administrative remedies prior to filing in this Court. Moreover, petitioner's sentence calculation was properly determined and he served that sentence. Finally, petitioner's claims are not moot in light of his release.  Accordingly, respondent respectfully requests that the petition be dismissed.

## ARGUMENT

### I.    Computation of Sentence And Credits Are Administrative and Not Judicial Responsibilities.

In *Murray v. Stempson*, 633 A.2d 48 (D.C. 1993), the Court held that an inmate was required to exhaust his administrative remedies before seeking judicial review of the Department of Corrections (DOC) policy regarding computation of sentences and good time credits. More specifically, the Court stated that computation of sentences and application of credits are administrative and not judicial responsibilities. *Murray*, *supra*, at 49.

Therefore, the computation of the petitioner's sentence by the Department of Corrections (DOC) is an administrative decision. Accordingly, the petitioner is required to exhaust his administrative remedies prior to seeking judicial review of the DOC policy. This matter is therefore not subject to judicial review at this time.

2

However, even if this matter was subject to judicial review, the petition still must be dismissed because the attached Face Sheets demonstrate that petitioner's sentence was properly calculated to be 120 total days, and that he served that sentence from October 27, 2006 to February 23, 2007. It is well settled that a Writ of Habeas Corpus is not appropriate where a petitioner is being legally detained. *Luther v. Molina*, 627 F.2d 71 (7th Cir. 1980). Here, petitioner was legally incarcerated in service of the remaining portion of his sentence. He has made no argument which would indicate that he would be entitled to immediate release. Accordingly, the petition should be dismissed and the Order to show cause discharged.

**II.     The Petition Has Been Rendered Moot**

Petitioner filed a *habeas corpus* petition seeking the re-calculation of his sentence while he was incarcerated at DC Jail.  At the time that petitioner filed his petition, he claimed that his sentence was incorrectly calculated and that he was being held illegally. However, the petitioner has been released on parole, and his claim is rendered moot. Therefore, having obtained the relief he sought, his claim is moot and should be dismissed.

Additionally, there is no relief that the Court can grant to him even if his previous detention was illegal.  *Scott v. District of Columbia*, 139 F.3d 940 (D.C. Cir.), *cert. denied* 142 L.Ed.2d 101 (1998) (prisoner's transfer or release from prison moots any claim he might have for equitable relief arising from conditions of confinement in that prison).  *See also*, *Spencer v. Kemna*, 118 S.Ct. 978, 983 (1998) (challenge to parole revocation by prisoner who has since been re-released requires that "continuing 'collateral consequences' of the parole revocation be either proven or presumed"); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C.Cir. 1998) (dismissing as moot prisoner's claim for correction of parole eligibility records because prisoner had been paroled and could not show that he continued to suffer any adverse impact); *Lane v.*

*Williams*, 455 U.S. 624 (1982) (habeas corpus claim challenging legality of incarceration after revocation of parole held moot after sentence expired); *Russell v. Henderson*, 475 F.2d 138 (5th Cir. 1973) ( habeas corpus challenging conditions of confinement held moot after petitioner released from prison).

　　　　WHEREFORE, for all of the reasons set forth herein, the petition should be summarily dismissed.

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　LINDA SINGER
　　　　　　　　　　　　　　　Acting Attorney General for the District of Columbia

　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division


　　　　　　　　　　　　　　　__\s_____
　　　　　　　　　　　　　　　NICOLE L. LYNCH [471953]
　　　　　　　　　　　　　　　Chief, General Litigation Sec. II


　　　　　　　　　　　　　　　__\s_____
　　　　　　　　　　　　　　　MICHAEL P. BRUCKHEIM [455192]
　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　441 4TH Street, NW, 6th Floor-South
　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DONNIE RAY DAVIS,            :
                                 :
          PETITIONER,        :
                                 :
v.                               :       Civil Action No.: 06-2138 (GK)
                                 :
STEVEN A. SMITH,            :
                                 :
          RESPONDENT.     :

**<u>ORDER</u>**

      Upon consideration of the petition for writ of habeas corpus, the response thereto and the

record herein, it is by the Court this _____ day of _____, 200__,

      ORDERED:  That the Petition for Writ of Habeas Corpus shall be and the same is hereby

**DISMISSED**; and it is,

      FURTHER ORDERED:  That the Court's December 22, 200, Order to Show Cause shall

be and the same is **DISCHARGED**.

_____
JUDGE KESSLER
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

5

November 07, 2006

3:40:58 pm

**Department of Corrections**
**Face Sheet**

DCDC #: **271126**    Name: **DAVIS, DONNIE**    PDID #: **485943**

Commitment Date: **10/25/2006**    Admission type: **PRETRIAL ALL OTHER TYPES**

Race: **BLACK**    DOB: **08/28/1957**    Sex: **M**    Height: **5' 7"**    Weight: **185**

Sentence type:    Location: **CENTRAL DETENTION FACILITY (CDF)**

Effective date: **10/27/2006** Short Term Date: **02/23/2007**    Full Term Date: **02/23/2007**    Parole Elig. Date: **02/23/2007**

Agg. Sentence: **0 Years 0 Months 210 Days**    **0 Years 0 Months 210 Days**

Jail credit: **90 day(s)**

# Sentencing notes

**JAIL CREDIT IN CRIMINAL CASE 2005 CMD 11116 FROM:**
**10/25/2006 - 10/26/2006 = 02 DAYS**
**10/21/2005 - 10/28/2005 = 08 DAYS**

**JAIL CREDIT IN CRIMINAL CASE 2005 CMD 3713 FROM:**
**10/29/2005 - 01/06/2006 = 70 DAYS**
**08/10/2005 - 08/19/2005 = 10 DAYS**

**TOTAL = 90 DAYS**

# Charges

Case #: **2005 CMD 003713**    Count 1    **Bail Reform Act -Misd**    Misdemeanor

Charge ty    **PROBATIONER**

**SENTENCED AND SERVING**

Minimum sentence **0 year(s), 0 month(s), 90 day(s)**    Maximum sentence **0 year(s), 0 month(s), 90 day(s)**

This charge is consecutive to charge **2005 CMD 011116**

Sentence Status:    **PROBATIONER**

Judge: **KEARY**

| COMMITMENT DATE | OFFENSE DATE | HEARING DATE | CONVICTION DATE | SENTENCE DATE | DISPOSITION DATE | DISCHARGE DATE |
|---|---|---|---|---|---|---|
| 10/25/2006 | 10/25/2006 | 10/27/2006 | | 10/27/2006 | | |

Charge notes:



Sentence order is out of sequence. Sentence Order # 2.00 should be 1.00. Correct sequence order number and recalculate this charge, as well as, the Sentencing Summary Screen.

November 07, 2006

3:40:58 pm

# Department of Corrections
## Face Sheet

DCDC #: **271126**    Name: **DAVIS, DONNIE**                    PDID #: **485943**

Committment Date: **10/25/2006**    Admission type: **PRETRIAL ALL OTHER TYPES**

Race: **BLACK**                    DOB: **08/28/1957**    Sex: **M**    Height: **5' 7"**    Weight: **185**

Sentence type:                    Location: **CENTRAL DETENTION FACILITY (CDF)**

Effective date: **10/27/2006** Short Term Date: **02/23/2007**    Full Term Date: **02/23/2007**    Parole Elig. Date: **02/23/2007**

Agg. Sentence: **0 Years 0 Months 210 Days**                    **0 Years 0 Months 210 Days**

Jail credit:    **90 day(s)**

---

Case #: **2005 CMD 011116**    Count 1    **Simple Assault**                    **Misdemeanor**

Charge ty    **PROBATIONER**

**SENTENCED AND SERVING**

Minimum sentence 0 year(s), 0 month(s), 120 day(s)    Maximum sentence 0 year(s), 0 month(s), 120 day(s)

Sentence Status:    **PROBATIONER**

Judge: **KEARY**

| COMMITMENT DATE | OFFENSE DATE | HEARING DATE | CONVICTION DATE | SENTENCE DATE | DISPOSITION DATE | DISCHARGE DATE |
|---|---|---|---|---|---|---|
| 10/25/2006 | 10/25/2006 | 10/27/2006 | | 10/27/2006 | | |

Charge notes:

 Sentence order is out of sequence. Sentence Order # 1.00 should be 2.00. Correct sequence order number and recalculate this charge, as well as, the Sentencing Summary Screen.

# Detainers

Detainer type

Agency

Released / release reaso

Release date

Prepared and Certified by:    Print/    Signature    Date Prepared

Legal Instruments Examiner

Print    Signature    Date Reviewed

Legal Instruments Examiner